1 | DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

NEAL KUMAR KATYAL
(*Pro hac vice* forthcoming)
JOSHUA B. STERLING
(*Pro hac vice* forthcoming)
WILLIAM E. HAVEMANN
(*Pro hac vice* forthcoming)
**MILBANK LLP**
1101 New York Avenue NW
Washington, D.C. 20005
Telephone: 202.835.7500
Facsimile: 202.263.7586

GRANT R. MAINLAND
(*Pro hac vice* forthcoming)
MATTHEW LAROCHE
(*Pro hac vice* forthcoming)
ANDREW PORTER
(*Pro hac vice* forthcoming)
NICOLE D. VALENTE
(*Pro hac vice* forthcoming)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212.530.5000
Facsimile: 212.530.5219

*Attorneys for Defendant KalshiEX, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA ex rel. NEVADA GAMING CONTROL BOARD,<br><br>Plaintiff,<br><br>vs.<br><br>KALSHIEX LLC,<br>Defendant, | Case No. _____<br><br>Nev. Dist. Ct. No. 260000050-1B<br>(Dep't No. I)<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

# NOTICE OF REMOVAL

Defendant KalshiEX LLC ("Kalshi"), by and through its undersigned counsel, hereby removes the above-captioned action (the "Action") from the First Judicial District Court of Carson City, Nevada, Civil Action No. 260000050-1B, to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1331, 1441. This Court has federal question jurisdiction over this Action under 28 U.S.C. § 1331.

This Notice of Removal is not intended and should not be construed as constituting Kalshi's general appearance or appearance on the merits in this matter. By filing this Notice of Removal, Kalshi does not waive any defenses it has to this action whether in state or federal court, including, but not limited to, improper service of process and/or lack of personal jurisdiction. Kalshi reserves the right to amend or supplement this Notice of Removal.

In support of this Notice of Removal, Kalshi states as follows:

## I.   BACKGROUND

### A.   Defendant

1. Kalshi is a financial services company that operates a federally regulated derivatives exchange where users can buy and sell financial products known as event contracts, a type of "swap" that references an "excluded commodity" within the meaning of the Commodity Exchange Act of 1936, 7 U.S.C. §§ 1a(19)(iv), 1a(47)(A)(ii) (the "CEA"). Kalshi's exchange is subject to exclusive federal jurisdiction as a designated contract market ("DCM") by the Commodity Futures Trading Commission ("CFTC") pursuant to the CEA, 7 U.S.C. § 2(a)(1)(A).

### B.   Summary of the Complaint

2. On February 17, 2026, the State of Nevada ("Nevada" or the "State") filed a Complaint against Kalshi in the First Judicial District Court of Carson City, Nevada.

3. The State purports to state a claim against Kalshi under Nevada Revised Statutes Chapters 463 and 465—for hosting and trading *federally regulated* event contracts subject to the CFTC's exclusive jurisdiction.

4. Nevada claims that Kalshi's DCM is a "sports pool" as defined in NRS 463.0193 and accordingly must be regulated pursuant to Nevada's laws. Plaintiff then alleges that by offering event

1 contracts on its DCM without having obtained a gaming license from Nevada, Kalshi is operating an
2 unlicensed "sports pool" in violation of NRS 463.160, 465.086, and 465.092.

3　　　5.　Kalshi has not yet been served. Accordingly, Kalshi's time to respond to the Complaint
4 by answer or motion has not expired, and Kalshi has not served or filed an answer or motion.

5　　　6.　The State has also filed an *Ex Parte* Application for Immediate Temporary Restraining
6 Order and Motion for Preliminary Injunction and a Motion to Exceed Page Limits for Points and
7 Authorities in Support of *Ex Parte* Application for Immediate Temporary Restraining Order and
8 Motion for Preliminary Injunction. Kalshi is unaware of any orders related to that Application or
9 Motion.

　　　**C.　Kalshi and the State are Already Litigating Identical Issues in Federal Court**

11　　　7.　This Action raises issues of federal law that are identical to the issues the parties have
12 been litigating in federal court in this District since March 2025 and are currently litigating before the
13 Ninth Circuit. *KalshiEX LLC v. Hendrick*, No. 2:25-cv-00575 (D. Nev.), *appeal docketed*, No. 25-
14 07516 (9th Cir.).

15　　　8.　In response to receiving a cease-and-desist letter from the Nevada Gaming Control
16 Board, Kalshi filed a complaint against the Nevada Gaming Control Board, its members, the Nevada
17 Gaming Commission, its members, and the Attorney General of Nevada (collectively, the "<u>State
18 Defendants</u>") on March 28, 2025. The same day, Kalshi filed a motion for an immediate temporary
19 restraining order and preliminary injunction. After a hearing on April 8, 2025, the District Court
20 issued a preliminary injunction enjoining the State Defendants from enforcing Nevada gaming laws
21 against Kalshi due to federal preemption.

22　　　9.　After the Court denied a motion for a preliminary injunction by another contract market
23 in another action against the State Defendants, the State Defendants moved to dissolve the April 9,
24 2025 preliminary injunction on October 17, 2025. The District Court granted State Defendants'
25 motion to dissolve on November 24, 2025. Kalshi immediately appealed that decision and moved to
26 stay the dissolution order in the District Court. On December 16, 2025, the District Court denied
27 Kalshi's motion to stay the dissolution order.

10. The next day, December 17, 2025, Kalshi moved to stay the dissolution order in the Ninth Circuit. In connection with that motion, State Defendants agreed in writing to not initiate enforcement proceedings against Kalshi while the Ninth Circuit considers the stay motion, which obviated the need for Kalshi to seek an emergency administrative stay from the Ninth Circuit.

11. On January 27, 2026, the Ninth Circuit's motions panel referred Kalshi's motion to stay to the merits panel, which is scheduled to hear Kalshi's appeal on April 26, 2026. On February 10, 2026, State Defendants filed a "Status Report" in the Ninth Circuit informing the Court and Kalshi that it intends to renege on its agreement to not initiate enforcement proceedings against Kalshi by filing an enforcement action against Kalshi on February 17, 2026. Kalshi immediately moved for an emergency administrative stay of the dissolution order pending the merits panel's evaluation of Kalshi's motion to stay. That motion is still pending, as is Kalshi's initial stay motion.

12. Accordingly, this Action was filed despite the State having agreed in writing "not to initiate enforcement proceedings against Kalshi while [the Ninth Circuit] considers [Kalshi's] stay motion" filed on December 17, 2025. Exhibit A, attached hereto.

13. The State's rush to file this Action ignores this Court's guidance that the question of whether the CEA preempts Nevada gaming regulations "raise[s] serious questions," *KalshiEX, LLC v. Hendrick*, No. 2:25-CV-00575, 2025 WL 3286282, at *12 (D. Nev. Nov. 24, 2025), that are currently before the Ninth Circuit. And these serious questions have divided the federal courts. *See KalshiEX LLC v. Flaherty*, No. 25-cv-2152, 2025 WL 1218313, at *6-8 (D.N.J. Apr. 28, 2025) (holding state law preempted and granting preliminary injunction in Kalshi's favor); *Blue Lake Rancheria v. Kalshi Inc.*, No. 25-cv-6162, 2025 WL 3141202, at *7 (N.D. Cal. Nov. 10, 2025) (rejecting argument that Kalshi's event contracts are unlawful gambling)

## II. THE COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331

14. Under 28 U.S.C. § 1441, any civil action filed in state court over which a federal court has original jurisdiction may be removed to the federal district court for the district in which the state court action is pending. This Court has federal-question jurisdiction because Plaintiff's claims (i)

necessarily raise disputed and substantial questions of federal law; (ii) are subject to complete preemption; and (iii) attempt to defeat removal through artful pleading.

**A.  Plaintiff's Claims Necessarily Raise Disputed Issues of Federal Law**

15.  This Court has federal question jurisdiction because Plaintiff's claims necessarily depend on the resolution of a substantial question of federal law. 28 U.S.C. § 1331; *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005). Federal question jurisdiction exists when the adjudication of federal-law issues are "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (citing *Grable*, 545 U.S. at 313-14).

16.  ***Federal law is necessarily raised.*** The State alleges that Kalshi's business is an unlicensed "sports pool" under NRS 463.160, and, thus, is in violation of NRS 465.086 and 465.092. Plaintiff's claims cannot be adjudicated without deciding disputed questions of federal law.

17.  The fact that a federal question is raised is clear from Nevada's statutory language. Section 465.086 provides that, "*[e]xcept as otherwise provided by law*, it is unlawful for a person to receive . . . any percentage or share of the money or property played, for accepting any bet or wager . . . without having first procured, and thereafter maintaining in effect, *all federal*, state, county and municipal gaming *licenses as required by statute*." NRS 465.086(1) (emphasis added). Thus, Plaintiff's claim under this section raises three issues: (i) whether Kalshi's conduct is "otherwise" authorized by law; (ii) whether Kalshi holds the necessary "federal . . . licenses"; and (iii) whether any other licenses are "required by statute."

18.  The same is true for the other statutes raised by the State. *See* NRS 463.160(1) (requiring those operating a "sports pool" to "hav[e] first procured, and thereafter maintain[] in effect, *all federal*, state, county and municipal gaming *licenses or registrations as required by statute*" (emphasis added)); 465.092 (referring to NRS 465.094); 465.094 (limiting 465.092 liability where sports pool is licensed pursuant to chapter 463, *i.e.*, 463.160).

19.  Each issue directly implicates a disputed issue of federal law. Kalshi's conduct is authorized by law because it is a federally regulated DCM subject to the CFTC's exclusive jurisdiction

under the CEA. And because it is a DCM, Kalshi has obtained all necessary licenses required by statute. Plaintiff's claim will fail unless it can prove otherwise, so the claim "necessarily depends on the interpretation and application of the CEA and the scope of the CFTC's exclusive jurisdiction." *Ga. Gambling Recovery LLC v. Kalshi Inc.*, No. 4:25-cv-310, 2026 WL 279375, at *3-4 (M.D. Ga. Feb. 3, 2026) (denying motion to remand suit against Kalshi's DCM).

20. ***Federal law is disputed.*** The federal legal issues in this action are identical to those actively in dispute between the same parties in *Hendrick*, both before this Court and the Ninth Circuit. *See* No. 2:25-cv-00575 (D. Nev.) and No. 25-7516 (9th Cir.). Ultimately, whether trading event contracts on a federally regulated DCM is conduct subject to Nevada gambling and licensing laws is "the central point of dispute" in this Action. *Gunn*, 568 U.S. at 259.

21. ***The federal question is substantial.*** The question raised under federal law is substantial, as the State's claims allege that a federally regulated DCM like Kalshi must maintain Nevada gaming licenses. In order for the State to be successful on these claims, the court must adopt a narrow interpretation of the CEA's grant of exclusive jurisdiction to the CFTC. *See Gunn*, 568 U.S. at 261 (explaining that a question is substantial where, for example, it calls into question the validity of a federal statute).

22. ***Capable of resolution without disrupting the federal-state balance.*** This Court is best positioned to resolve the issue of whether Kalshi's business is authorized by federal law and, therefore, subject to exclusive federal regulation, or whether any Nevada licensing is required. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 355-56, 386 n.81 (1982) (the CFTC has "exclusive jurisdiction over commodity futures trading"); *In re Int. Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 430, 445 (S.D.N.Y. 2017) (explaining that the CEA was amended in 2010 to "establish a comprehensive new regulatory framework for swaps" and the CFTC was "vested . . . with exclusive jurisdiction to implement that framework"). Such a resolution by this Court, therefore, will not disrupt the federal-state balance but will instead reinforce the harmonious application of federal and state laws, consistent with the Supremacy Clause. U.S. Const. art. VI.

### B. Plaintiff's Claims are Subject to Complete Preemption

23. Complete preemption gives rise to federal jurisdiction where federal law has displaced—*i.e.*, completely preempted—state law and "provide[s] the exclusive remedy" for a claim, *Rudel v. Haw. Mgmt. All. Ass'n*, 937 F.3d 1262, 1270 (9th Cir. 2019), such that the claim "is considered, from its inception, a federal claim, and therefore arises under federal law." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)).

24. That is the case here. The CEA provides the CFTC with "exclusive jurisdiction" over trading on DCMs, 7 U.S.C. § 2(a), including Kalshi's exchange on which its event contracts are traded. The CEA then provides a "savings clause" in which it preserves the jurisdiction of the states except with respect to the subject matter of the grant of exclusive jurisdiction. 7 U.S.C. § 2(a)(l)(A) (preserving state jurisdiction "[e]xcept as hereinabove provided"). And the CEA supplies a federal cause of action that "replac[es] the state cause of action." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 n.4 (1987).

25. Accordingly, Congress has determined that claims such as the ones at issue here are functionally federal claims that fall within this Court's federal question jurisdiction. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1058 (9th Cir. 2018) ("Once completely preempted, a state-law claim ceases to exist" and is "recharacterized" "as the federal claim that Congress made exclusive."); *see also Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2022); *People v. Chevron Corp.*, 872 F.2d 1410, 1415 (9th Cir. 1989) (artful pleading cannot re-characterize claims that are exclusively governed by federal law as state law claims); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1287 (9th Cir. 1989) (federal law which completely supplants a state claim does not need to provide a substitute remedy for the supplanted state law).

### C. Plaintiff Cannot Defeat Removal Through Artful Pleading

26. The exercise of federal question jurisdiction is also proper due to Plaintiff's artful pleading of its claims. *See, e.g.*, *Chevron*, 872 F.2d at 1415; *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998). The State also seeks declaratory and injunctive relief under NRS 30.030. But NRS 30.130 makes clear that such relief requires naming as

parties any person that "claim[s] any interest which would be affected by the declaration." The State is well-aware that the CFTC had claimed a "substantial interest" in the "scope of its exclusive jurisdiction," including the "CEA's preemption of state laws attempting to regulate trading on CFTC-registered contract markets" like Kalshi. *N. Am. Derivatives Exch., Inc. v. Nevada*, No. 25-7187, Dkt. No. 30.1, at 1 (9th Cir. Feb. 5, 2026). Indeed, it is no coincidence that Plaintiff filed this action ***on the same day*** the CFTC intends to file its amicus brief in the Ninth Circuit defending Kalshi's position. *Id*. at 3-4.

27. Nevertheless, the State failed to name the CFTC as a party in this Action. Had they done so, as required by NRS 30.130, that would have provided yet another basis for removal. *See* 28 U.S.C. § 1442(a)(1). Plaintiff "may not defeat removal" through artful pleading. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1983).

### III.   DEFENDANTS MEET THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

28. Nevada filed the Complaint on February 17, 2025 and Kalshi learned of the filing on the same day. Removal is timely because Defendant has not yet been served with the Complaint. 28 U.S.C. § 1446(b)(l) and (c)(l); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

29. Venue is proper pursuant to 28 U.S.C. §§ 101, 1441(a), and 1446(a) because the United States District Court for the District of Nevada is the federal judicial district court embracing the First Judicial District Court of Carson City, Nevada, where the Complaint was filed.

30. At this time, Kalshi has not been served with any process, pleadings or orders in this Action. Kalshi will supplement this notice to add such materials when it receives them from the State.

31. In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be promptly provided to Nevada and filed with the First Judicial District Court of Carson City, Nevada.

32. No previous application has been made for the relief requested in this Notice of Removal.

# CONCLUSION

WHEREFORE, Kalshi respectfully requests that the Action be removed from the First Judicial District Court of Carson City, Nevada to the United States District Court for the District of Massachusetts, and that this Court accept jurisdiction of the case. If any question arises as to the propriety of the removal of this action, Kalshi respectfully requests the opportunity to present oral argument in support of its position that the Action is removable.

DATED this 17th day of February, 2026.

**BAILEY❖KENNEDY**

By: /s/ Paul C. Williams
    DENNIS L. KENNEDY
    PAUL C. WILLIAMS

MILBANK LLP
NEAL KUMAR KATYAL (*Pro hac vice* forthcoming)
JOSHUA B. STERLING (*Pro hac vice* forthcoming)
WILLIAM E. HAVEMANN (*Pro hac vice* forthcoming)
GRANT R. MAINLAND (*Pro hac vice* forthcoming)
MATTHEW J. LAROCHE (*Pro hac vice* forthcoming)
ANDREW PORTER (*Pro hac vice* forthcoming)
NICOLE D. VALENTE (*Pro hac vice* forthcoming)

*Attorneys for Defendant KalshiEX, LLC*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of BAILEY✦KENNEDY and that on the 17th day of February, 2026, service of the foregoing was made by mandatory electronic service through the United States District Court's electronic filing system, by email and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

| | |
|---|---|
| JESSICA E. WHELAN | Email:  jwhelan@ag.nv.gov |
| SABRENA K. CLINTON | sclinton@ag.nv.gov |
| JOHN S. MICHELA | jmichela@ag.nv.gov |
| **STATE OF NEVADA** | |
| **OFFICE OF THE ATTORNEY GENERAL** | *Attorneys for Defendants* |
| 1 State of Nevada Way, Suite 100 | |
| Las Vegas, NV 89119 | |

                                             /s/ Karen Rodman
                                    Employee of BAILEY✦KENNEDY