# EXHIBIT C

# Declaration of Jessica E. Whelan in Support of Plaintiff's Application for Ex Parte Temporary Restraining Order

# (Feb. 17, 2026)

# EXHIBIT C

```
 1  AARON D. FORD
    Attorney General
 2  Jessica E. Whelan (Bar No. 14781)
      Chief Deputy Solicitor General – Litigation
 3  John S. Michela (Bar No. 8189)
      Senior Deputy Attorney General
 4  Sabrena K. Clinton (Bar No. 6499)
      Senior Deputy Attorney General
 5  State of Nevada
    Office of the Attorney General
 6  1 State of Nevada Way, Suite 100
    Las Vegas, NV 89119
 7  (702) 486-3420 (phone)
    (702) 486-3773 (fax)
 8  jwhelan@ag.nv.gov
    jmichela@ag.nv.gov
 9  sclinton@ag.nv.gov

10  Attorneys for Plaintiff
```

REC'D & FILED
2026 FEB 17 PM 12: 36
[illegible] CLERK
BY D. ORTIZ

IN THE FIRST JUDICIAL DISTRICT COURT OF

THE STATE OF NEVADA IN AND FOR CARSON CITY

| | |
|---|---|
| STATE OF NEVADA ex rel. NEVADA GAMING CONTROL BOARD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KALSHIEX, LLC,<br><br>　　　　Defendant. | Case No. 26 OC 00050 1B<br>Dept. No.  I |

**DECLARATION OF JESSICA E. WHELAN IN SUPPORT OF PLAINTIFF'S APPLICATION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER**

I, Jessica E. Whelan, declare as follows:

1. I am the Chief Deputy Solicitor General—Litigation in the Nevada Attorney General's Office, and I make this declaration in support of Plaintiff's application for an *ex parte* temporary restraining order under NRS 463.346 and NRCP 65(b). All facts stated herein are based on my personal knowledge.

2. Defendant KALSHIEX, LLC ("KALSHI") operates a market that offers event-based contracts relating to sporting and other events. Compl. ¶ 20. These events include, but are not limited to, college basketball games, college and professional football games, and elections. *Id.*

Page 1 of 5

031

3. KALSHI's activities meet the definition of a "game" subject to regulation in Nevada—specifically, it operates a "sports pool" under Nevada law. *See* Compl. ¶¶ 17–25. But despite conducting gaming accessible in the State of Nevada, KALSHI is not licensed in Nevada and does not comply with Nevada gaming law. *Id.* ¶ 26. It has not undergone Nevada's rigorous licensing process for its gaming activities, nor has does it comply with the restrictions and requirements of Nevada law for operators of sports pools. *See id.* ¶¶ 28, 36.

4. On March 4, 2025, the Nevada Gaming Control Board ("BOARD") issued KALSHI a letter to cease and desist offering contracts based on sports and election events in Nevada unless and until it receives a license from the Nevada Gaming Commission. Compl. ¶ 61. On March 28, 2025, KALSHI filed a complaint for permanent injunctive and declaratory relief in federal district court, alleging that the Commodity Exchange Act preempts Nevada gaming laws. *See* Compl., *KalshiEX LLC v. Hendrick*, No. 25-575 (D. Nev. Mar. 28, 2025) (ECF No. 1). KALSHI contemporaneously filed a motion for a preliminary injunction and declaratory relief. *See* Mot., *KalshiEX*, *supra* (ECF No. 18). On April 9, 2025, the federal court granted KALSHI's motion for a preliminary injunction. *See* Order, *KalshiEX*, *supra* (ECF No. 45). That injunction prohibited the BOARD from taking any action against KALSHI for its contracts in Nevada for the time period when it was in effect.

5. On May 20, 2025, the BOARD issued North American Derivatives Exchange, Inc., d/b/a Crypto.com ("Crypto.com") a letter to cease and desist offering contracts based on sports and election events unless and until it receives a license from the Nevada Gaming Commission. *See* Compl. Ex. A, *N. Am. Derivatives Exch., Inc. v. Nevada ("Crypto.com")*, No. 25-978 (D. Nev. June 3, 2025) (ECF No. 1-2). On June 3, 3025, Crypto.com filed a complaint for permanent injunctive relief and declaratory relief in federal district court, on the same legal grounds as KALSHI. *See Crypto.com*, *supra* (ECF No. 1). Crypto.com also filed a motion for a preliminary injunction. *See* Mot., *Crypto.com*, *supra* (ECF No. 15). The federal court denied Crypto.com's motion for a preliminary injunction. *See Crypto.com*, 2025 WL 2916151 (D. Nev. Oct. 14, 2025), *appeal pending*, No. 25-7187 (9th Cir. filed Nov. 14, 2025). Crypto.com has appealed. While the appeal is pending, Crypto.com has agreed not to offer event-based contracts concerning sports and election wagering to Nevada residents. *See* Notice, *Crypto.com*, *supra* (ECF No. 110).

6.   On October 17, 2025, the BOARD filed a motion to dissolve the preliminary injunction issued in KALSHI's suit. *See* Mot., *KalshiEX, supra* (ECF No. 142). On November 25, 2025, the federal court granted the BOARD's motion and dissolved the preliminary injunction that had prohibited the BOARD from enforcing Nevada gaming law against KALSHI with respect to KALSHI's sports and election contracts. *See KalshiEX*, 2025 WL 3286282 (D. Nev. Nov. 24, 2025), *appeal pending*, No. 25-7516 (9th Cir. filed Nov. 25, 2025). KALSHI has appealed the federal court's order dissolving the preliminary injunction, and that appeal remains pending.

7.   On October 15, 2025, while these proceedings were pending, the BOARD issued public guidance reiterating that it "considers offering sports event contracts, or certain other events contracts, as constituting wagering activity under NRS 463.0193 and 463.01962," regardless of whether "the contract is listed on an exchange regulated by the Commodity Futures Trading Commission (CFTC) or elsewhere." Nev. Gaming Control Bd., *Notice to Licensees No. 2025-77: Sports Event Contracts Are Wagers* ("*Notice to Licensees*") 1 (Oct. 15, 2025), perma.cc/7XEH-BZLV. The BOARD further explained that "[e]xamples of event contracts that the Board specifically considers to be wagering subject to its jurisdiction include event contracts based on the outcome or partial outcome of any sporting or athletic event, or other selected events such as the World Series of Poker, the Oscars, Esports, and political elections." *Id.*

8.   The BOARD also explained that "[o]fferings for Sports and Other Events Contracts may be conducted in Nevada *only if* the offering entity possesses a nonrestricted gaming license with sports pool approval in Nevada and meets the other requirements for sports wagering including, without limitation, wagering accounts and sports book systems." *Notice to Licensees, supra*, at 1.

9.   Through the cease-and-desist letter to KALSHI and the public notice, the BOARD has thus repeatedly notified KALSHI that allowing for the purchase or sale of contracts based on the outcome of sporting and certain other events in Nevada without possessing a gaming license with sports pool approval violates Nevada law. And following the dissolution of the federal court's injunction, the BOARD is no longer prohibited from enforcing its statutory charge to strictly regulate gaming and require KALSHI to cease its violations of Nevada law. KALSHI, however, has made clear that it will not stop its violations of Nevada law unless and until restrained by this Court: It told the federal district court that

the only thing that "could affect Kalshi's ongoing operations in the State" is if the BOARD takes "enforcement measures" against it. Reply in Further Supp. of Mot. to Stay Proceedings 9, *KalshiEX, supra* (ECF No. 262). On February 10, 2026, the Board informed the United States Court of Appeals for the Ninth Circuit that it intended to file a civil enforcement action in this Court on February 17, 2026. *See* Notice, *KalshiEX, LLC v. Hendrick*, No. 25-7516 (9th Cir. Feb. 10, 2026) (ECF No. 60.1).

10. The BOARD requests issuance of a temporary restraining order on an *ex parte* basis because KALSHI's activities in Nevada are causing immediate and irreparable injury to Plaintiff and the State of Nevada and will continue to do so before KALSHI can be heard in opposition to Plaintiff's application.

11. The BOARD enforces Nevada gaming law and oversees the State's gaming industry to protect the integrity and reputation of gaming in Nevada and to safeguard the public. KALSHI's failure to comply with Nevada gaming law harms the public. For example, Nevada law prohibits persons under the age of 21 from engaging in gaming, yet KALSHI allows those as young as 18 to wager on its platform. Nevada law also prohibits wagers by owners, coaches, players, officials, or other participants in sporting events and require licensees to take reasonable steps to prevent circumvention of that rule. To the undersigned counsel's knowledge, KALSHI does not comply with these requirements.

12. KALSHI's failure to comply with Nevada gaming law also gives it a massive and unfair competitive advantage over its competitors, which upends the gaming industry. That advantage is both pecuniary, in that KALSHI does not need to spend the money its competitors need to spend on licensing fees, taxes, and compliance (including maintaining a physical location in Nevada), as well as strategic, in that KALSHI's products are not subject to the same requirements as its competitors. The BOARD suffers irreparable harm when KALSHI is able to distort the playing field and disrupt the industry in this manner.

13. The harm only increases the longer KALSHI is allowed to operate unfettered. KALSHI's ability to profit from unlicensed gaming will incentivize others to enter into prediction markets rather than becoming (or remaining) licensed by the State.

///

///

14. Plaintiff and the State of Nevada are currently suffering the serious, ongoing, and irreparable harms outlined above every day that KALSHI operates its market in violation of Nevada law. These harms justify issuance of the temporary restraining order on an *ex parte* basis.

15. KALSHI is on notice that the BOARD intends to file this action because the BOARD filed a letter with the Ninth Circuit in KALSHI's pending appeal from the federal district court's dissolution of its previously issued preliminary injunction. *See* Notice, *KalshiEX LLC v. Hendrick*, No. 25-7516 (9th Cir. Feb. 10, 2026) (Dkt. 60.1). In that notice, the BOARD notified that Ninth Circuit that the Board "intend[s] to begin a civil enforcement proceeding against Kalshi on February 17, 2026." *Id.* at 1. On February 11, 2026, KALSHI filed an emergency motion for administrative stay, asking the Ninth Circuit to issue an administrative stay preventing the BOARD from commencing an enforcement action against it. *See* Motion, *KalshiEX*, *supra* (Feb. 11, 2026) (Dkt. 62.1). The Ninth Circuit, as of filing, has not issued any emergency administrative or other stay/injunction pending appeal. KALSHI thus is aware that the BOARD is pursuing this action on today's date. However, out of an abundance of caution, I emailed counsel of record for KALSHI in the federal proceedings to further inform them that the BOARD was filing this action today. A true and correct copy of that email is attached hereto as **Exhibit 1**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 17th day of February, 2026.

By: _____
JESSICA E. WHELAN

# EXHIBIT 1

| | |
|---|---|
| **From:** | Jessica E. Whelan |
| **To:** | Porter, Andrew; Havemann, Will; Katyal, Neal; GMainland@milbank.com; Sterling, Josh; "dcampbell@milbank.com"; Dennis Kennedy; Paul Williams |
| **Cc:** | Sabrena K. Clinton; John S. Michela; Jeny M. Beesley |
| **Subject:** | Kalshi Civil Enforcement Action |
| **Date:** | Tuesday, February 17, 2026 11:47:00 AM |
| **Attachments:** | image001.png |

Counsel,

I write to inform you that, pursuant with our notice to the Ninth Circuit, we will be filing a civil enforcement action against Kalshi in the First Judicial District Court for the State of Nevada today.

Thank you,
Jessica

Jessica E. Whelan
Chief Deputy Solicitor General - Litigation
Office of the Attorney General
1 State of Nevada Way
Suite 100
Las Vegas, Nevada 89119
jwhelan@ag.nv.gov
D: 702-486-4346



*Notice: This e-mail message and any attachments thereto may contain confidential, privileged, or non-public information. Use, dissemination, distribution, or reproduction of this information by unintended recipients is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy all copies.*

037

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on February 17, 2026, I deposited for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada, a true and correct copy of the foregoing to the following:

Grant R. Mainland
Andrew L. Porter
Katrin Cassidy-Ginsberg
Nicole Valente
Millbank LLP
55 Hudson Yards,
New York, NY 10001

Paul C. Williams
Dennis L. Kennedy
Bailey Kennedy
8984 Spanish Ridge Ave
Las Vegas, NV 89148

Counsel for Defendant KalshiEX, LLC

_____
Jessica E. Whelan, an employee of the
Office of the Nevada Attorney General