# EXHIBIT F

# Notice of Filing Notice of Removal to the United State District Court for the District of Nevada

# (Feb. 17, 2026)

# EXHIBIT F



COPY

1   DENNIS L. KENNEDY                    JOHN K. GALLAGHER
    NEVADA BAR No. 1462                  NEVADA BAR No. 956
2   PAUL C. WILLIAMS                     **GUILD, GALLAGHER & FULLER LTD.**
    NEVADA BAR No. 12524                 100 WEST LIBERTY STREET
3   **BAILEY❖KENNEDY**                   SUITE 800
    8984 SPANISH RIDGE AVENUE            RENO, NEVADA 89501
4   LAS VEGAS, NEVADA 89148-1302         TELEPHONE: 775.786.2366
    TELEPHONE: 702.562.8820              FACSIMILE: 775.322.9105
5   FACSIMILE: 702.562.8821              JGallagher@ggfltd.com
    DKennedy@BaileyKennedy.com
6   PWilliams@BaileyKennedy.com

7   *Attorneys for Defendant KalshiEX LLC*

8

9            **IN THE FIRST JUDICIAL DISTRICT COURT OF**
             **THE STATE OF NEVADA IN AND FOR CARSON CITY**

10

11  STATE OF NEVADA ex rel. NEVADA        Case No. 2600000050-1B
    GAMING CONTROL BOARD,
12                                        Dept. No. I
               Plaintiff,
13
        vs.
14                                        **NOTICE OF FILING**
    KALSHIEX LLC,                         **NOTICE OF REMOVAL TO THE**
15                                        **UNITED STATES DISTRICT COURT**
               Defendant,                 **FOR THE DISTRICT OF NEVADA**
16

17

18          PLEASE TAKE NOTICE THAT, on February 17, 2026, Defendant, KalshiEX LLC

19  ("Kalshi") filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removing

20  the above captioned action from the First Judicial District Court of Carson City, Nevada to the

21  United States District Court for the District of Nevada.  A true and correct copy of the Notice of

22  Removal is attached as Exhibit 1.

23          PLEASE TAKE FURTHER NOTICE that, having filed the Notice of Removal with the

24  Clerk in the United States District Court for the District of Nevada, and having filed a copy with

25  the Clerk of the First Judicial District Court of Carson City, Nevada, the Defendants have effected

26  removal and the First Judicial District Court of Carson City, Nevada shall proceed no further in

27  this action pursuant to 28 U.S.C. § 1446(d).

28

                                Page **1** of **3**

044

**Affirmation Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document does not contain the personal information of any person.

DATED: this 17th day of February, 2026

Respectfully submitted,

KalshiEX LLC,
By Its Attorneys,

**GUILD, GALLAGHER & FULLER, LTD.**

By: _____
JOHN K. GALLAGHER

DENNIS L. KENNEDY
PAUL C. WILLIAMS

*Attorneys for Defendant KalshiEX LLC*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

Page **2** of **3**

045

1

## CERTIFICATE OF SERVICE

2    I certify that I am an employee of BAILEY✧KENNEDY and that on the 17th day of

3    February, 2026, service of the foregoing was made by email and by depositing a true and correct

4    copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last

5    known address:

6        JESSICA E. WHELAN
         SABRENA K. CLINTON
7        JOHN S. MICHELA
         **STATE OF NEVADA**
8        **OFFICE OF THE ATTORNEY GENERAL**
         1 State of Nevada Way, Suite 100
9        Las Vegas, NV 89119
         Email:  jwhelan@ag.nv.gov
10                sclinton@ag.nv.gov
                  jmichela@ag.nv.gov
11
         *Attorneys for Plaintiff*
12

13

14                                        _/s/ Sharon Murnane_
15                                        Employee of BAILEY✧KENNEDY

16

17

18

19

20

21

22

23

24

25

26

27

28

Page **3** of **3**

046

# EXHIBIT 1



1  DENNIS L. KENNEDY
   Nevada Bar No. 1462
2  PAUL C. WILLIAMS
   Nevada Bar No. 12524
3  **BAILEY❖KENNEDY**
   8984 Spanish Ridge Avenue
4  Las Vegas, Nevada 89148-1302
   Telephone: 702.562.8820
5  Facsimile: 702.562.8821
   DKennedy@BaileyKennedy.com
6  PWilliams@BaileyKennedy.com

7  NEAL KUMAR KATYAL              GRANT R. MAINLAND
   (*Pro hac vice* forthcoming)    (*Pro hac vice* forthcoming)
8  JOSHUA B. STERLING             MATTHEW LAROCHE
   (*Pro hac vice* forthcoming)    (*Pro hac vice* forthcoming)
9  WILLIAM E. HAVEMANN            ANDREW PORTER
   (*Pro hac vice* forthcoming)    (*Pro hac vice* forthcoming)
10 **MILBANK LLP**                NICOLE D. VALENTE
   1101 New York Avenue NW         (*Pro hac vice* forthcoming)
11 Washington, D.C. 20005         **MILBANK LLP**
   Telephone: 202.835.7500         55 Hudson Yards
12 Facsimile: 202.263.7586        New York, NY 10001
                                   Telephone: 212.530.5000
13                                 Facsimile: 212.530.5219

14 *Attorneys for Defendant KalshiEX, LLC*

15                 UNITED STATES DISTRICT COURT
16                      DISTRICT OF NEVADA

17
18 STATE OF NEVADA ex rel. NEVADA      Case No. _____
   GAMING CONTROL BOARD,
19                                     Nev. Dist. Ct. No. 260000050-1B
          Plaintiff,                   (Dep't No. I)
20
       vs.                            **NOTICE OF REMOVAL
21                                     TO FEDERAL COURT**
   KALSHIEX LLC,
22        Defendant,

23
24
25
26
27
28

                        Page **1** of **10**

048

**NOTICE OF REMOVAL**

Defendant KalshiEX LLC ("Kalshi"), by and through its undersigned counsel, hereby removes the above-captioned action (the "Action") from the First Judicial District Court of Carson City, Nevada, Civil Action No. 260000050-1B, to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1331, 1441.  This Court has federal question jurisdiction over this Action under 28 U.S.C. § 1331.

This Notice of Removal is not intended and should not be construed as constituting Kalshi's general appearance or appearance on the merits in this matter.  By filing this Notice of Removal, Kalshi does not waive any defenses it has to this action whether in state or federal court, including, but not limited to, improper service of process and/or lack of personal jurisdiction.  Kalshi reserves the right to amend or supplement this Notice of Removal.

In support of this Notice of Removal, Kalshi states as follows:

**I.      BACKGROUND**

**A.      Defendant**

1.      Kalshi is a financial services company that operates a federally regulated derivatives exchange where users can buy and sell financial products known as event contracts, a type of "swap" that references an "excluded commodity" within the meaning of the Commodity Exchange Act of 1936, 7 U.S.C. §§ 1a(19)(iv), 1a(47)(A)(ii) (the "CEA").  Kalshi's exchange is subject to exclusive federal jurisdiction as a designated contract market ("DCM") by the Commodity Futures Trading Commission ("CFTC") pursuant to the CEA, 7 U.S.C. § 2(a)(1)(A).

**B.      Summary of the Complaint**

2.      On February 17, 2026, the State of Nevada ("Nevada" or the "State") filed a Complaint against Kalshi in the First Judicial District Court of Carson City, Nevada.

3.      The State purports to state a claim against Kalshi under Nevada Revised Statutes Chapters 463 and 465—for hosting and trading *federally regulated* event contracts subject to the CFTC's exclusive jurisdiction.

4.      Nevada claims that Kalshi's DCM is a "sports pool" as defined in NRS 463.0193 and accordingly must be regulated pursuant to Nevada's laws.  Plaintiff then alleges that by offering event

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  contracts on its DCM without having obtained a gaming license from Nevada, Kalshi is operating an

2  unlicensed "sports pool" in violation of NRS 463.160, 465.086, and 465.092.

3      5.    Kalshi has not yet been served.  Accordingly, Kalshi's time to respond to the Complaint

4  by answer or motion has not expired, and Kalshi has not served or filed an answer or motion.

5      6.    The State has also filed an *Ex Parte* Application for Immediate Temporary Restraining

6  Order and Motion for Preliminary Injunction and a Motion to Exceed Page Limits for Points and

7  Authorities in Support of *Ex Parte* Application for Immediate Temporary Restraining Order and

8  Motion for Preliminary Injunction.  Kalshi is unaware of any orders related to that Application or

9  Motion.

10      **C.    Kalshi and the State are Already Litigating Identical Issues in Federal Court**

11      7.    This Action raises issues of federal law that are identical to the issues the parties have

12  been litigating in federal court in this District since March 2025 and are currently litigating before the

13  Ninth Circuit.  *KalshiEX LLC v. Hendrick*, No. 2:25-cv-00575 (D. Nev.), *appeal docketed*, No. 25-

14  07516 (9th Cir.).

15      8.    In response to receiving a cease-and-desist letter from the Nevada Gaming Control

16  Board, Kalshi filed a complaint against the Nevada Gaming Control Board, its members, the Nevada

17  Gaming Commission, its members, and the Attorney General of Nevada (collectively, the "State

18  Defendants") on March 28, 2025.  The same day, Kalshi filed a motion for an immediate temporary

19  restraining order and preliminary injunction.  After a hearing on April 8, 2025, the District Court

20  issued a preliminary injunction enjoining the State Defendants from enforcing Nevada gaming laws

21  against Kalshi due to federal preemption.

22      9.    After the Court denied a motion for a preliminary injunction by another contract market

23  in another action against the State Defendants, the State Defendants moved to dissolve the April 9,

24  2025 preliminary injunction on October 17, 2025.  The District Court granted State Defendants'

25  motion to dissolve on November 24, 2025.  Kalshi immediately appealed that decision and moved to

26  stay the dissolution order in the District Court.  On December 16, 2025, the District Court denied

27  Kalshi's motion to stay the dissolution order.

28

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

10.     The next day, December 17, 2025, Kalshi moved to stay the dissolution order in the Ninth Circuit.  In connection with that motion, State Defendants agreed in writing to not initiate enforcement proceedings against Kalshi while the Ninth Circuit considers the stay motion, which obviated the need for Kalshi to seek an emergency administrative stay from the Ninth Circuit.

11.     On January 27, 2026, the Ninth Circuit's motions panel referred Kalshi's motion to stay to the merits panel, which is scheduled to hear Kalshi's appeal on April 26, 2026. On February 10, 2026, State Defendants filed a "Status Report" in the Ninth Circuit informing the Court and Kalshi that it intends to renege on its agreement to not initiate enforcement proceedings against Kalshi by filing an enforcement action against Kalshi on February 17, 2026.  Kalshi immediately moved for an emergency administrative stay of the dissolution order pending the merits panel's evaluation of Kalshi's motion to stay.  That motion is still pending, as is Kalshi's initial stay motion.

12.     Accordingly, this Action was filed despite the State having agreed in writing "not to initiate enforcement proceedings against Kalshi while [the Ninth Circuit] considers [Kalshi's] stay motion" filed on December 17, 2025.  Exhibit A, attached hereto.

13.     The State's rush to file this Action ignores this Court's guidance that the question of whether the CEA preempts Nevada gaming regulations "raise[s] serious questions," *KalshiEX, LLC v. Hendrick*, No. 2:25-CV-00575, 2025 WL 3286282, at *12 (D. Nev. Nov. 24, 2025), that are currently before the Ninth Circuit.  And these serious questions have divided the federal courts. *See KalshiEX LLC v. Flaherty*, No. 25-cv-2152, 2025 WL 1218313, at *6-8 (D.N.J. Apr. 28, 2025) (holding state law preempted and granting preliminary injunction in Kalshi's favor); *Blue Lake Rancheria v. Kalshi Inc.*, No. 25-cv-6162, 2025 WL 3141202, at *7 (N.D. Cal. Nov. 10, 2025) (rejecting argument that Kalshi's event contracts are unlawful gambling)

## II.    THE COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331

14.     Under 28 U.S.C. § 1441, any civil action filed in state court over which a federal court has original jurisdiction may be removed to the federal district court for the district in which the state court action is pending.  This Court has federal-question jurisdiction because Plaintiff's claims (i)

BAILEY ✦ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   necessarily raise disputed and substantial questions of federal law; (ii) are subject to complete

2   preemption; and (iii) attempt to defeat removal through artful pleading.

3        **A.**     **Plaintiff's Claims Necessarily Raise Disputed Issues of Federal Law**

4        15.     This Court has federal question jurisdiction because Plaintiff's claims necessarily

5   depend on the resolution of a substantial question of federal law. 28 U.S.C. § 1331; *Gunn v. Minton*,

6   568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308,

7   313-14 (2005).  Federal question jurisdiction exists when the adjudication of federal-law issues are

8   "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal

9   court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258

10  (citing *Grable*, 545 U.S. at 313-14).

11       16.     ***Federal law is necessarily raised.***  The State alleges that Kalshi's business is an

12  unlicensed "sports pool" under NRS 463.160, and, thus, is in violation of NRS 465.086 and 465.092.

13  Plaintiff's claims cannot be adjudicated without deciding disputed questions of federal law.

14       17.     The fact that a federal question is raised is clear from Nevada's statutory language.

15  Section 465.086 provides that, "*[e]xcept as otherwise provided by law*, it is unlawful for a person to

16  receive . . . any percentage or share of the money or property played, for accepting any bet or wager .

17  . . without having first procured, and thereafter maintaining in effect, *all federal*, state, county and

18  municipal gaming *licenses as required by statute*." NRS 465.086(1) (emphasis added).    Thus,

19  Plaintiff's claim under this section raises three issues: (i) whether Kalshi's conduct is "otherwise"

20  authorized by law; (ii) whether Kalshi holds the necessary "federal . . . licenses"; and (iii) whether any

21  other licenses are "required by statute."

22       18.     The same is true for the other statutes raised by the State. *See* NRS 463.160(1)

23  (requiring those operating a "sports pool" to "hav[e] first procured, and thereafter maintain[] in effect,

24  *all federal*, state, county and municipal gaming *licenses or registrations as required by statute*"

25  (emphasis added)); 465.092 (referring to NRS 465.094); 465.094 (limiting 465.092 liability where

26  sports pool is licensed pursuant to chapter 463, *i.e.*, 463.160).

27       19.     Each issue directly implicates a disputed issue of federal law.  Kalshi's conduct is

28  authorized by law because it is a federally regulated DCM subject to the CFTC's exclusive jurisdiction

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  under the CEA.  And because it is a DCM, Kalshi has obtained all necessary licenses required by

2  statute.  Plaintiff's claim will fail unless it can prove otherwise, so the claim "necessarily depends on

3  the interpretation and application of the CEA and the scope of the CFTC's exclusive jurisdiction."

4  *Ga. Gambling Recovery LLC v. Kalshi Inc.*, No. 4:25-cv-310, 2026 WL 279375, at *3-4 (M.D. Ga.

5  Feb. 3, 2026) (denying motion to remand suit against Kalshi's DCM).

6      20.  ***Federal law is disputed.***  The federal legal issues in this action are identical to those

7  actively in dispute between the same parties in *Hendrick*, both before this Court and the Ninth Circuit.

8  *See* No. 2:25-cv-00575 (D. Nev.) and No. 25-7516 (9th Cir.).  Ultimately, whether trading event

9  contracts on a federally regulated DCM is conduct subject to Nevada gambling and licensing laws is

10  "the central point of dispute" in this Action.  *Gunn*, 568 U.S. at 259.

11      21.  ***The federal question is substantial.***  The question raised under federal law is

12  substantial, as the State's claims allege that a federally regulated DCM like Kalshi must maintain

13  Nevada gaming licenses.  In order for the State to be successful on these claims, the court must adopt

14  a narrow interpretation of the CEA's grant of exclusive jurisdiction to the CFTC.  *See Gunn*, 568 U.S.

15  at 261 (explaining that a question is substantial where, for example, it calls into question the validity

16  of a federal statute).

17      22.  ***Capable of resolution without disrupting the federal-state balance.***  This Court is best

18  positioned to resolve the issue of whether Kalshi's business is authorized by federal law and, therefore,

19  subject to exclusive federal regulation, or whether any Nevada licensing is required.  *See Merrill*

20  *Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 355-56, 386 n.81 (1982) (the CFTC has

21  "exclusive jurisdiction over commodity futures trading"); *In re Int. Rate Swaps Antitrust Litig.*, 261

22  F. Supp. 3d 430, 445 (S.D.N.Y. 2017) (explaining that the CEA was amended in 2010 to "establish a

23  comprehensive new regulatory framework for swaps" and the CFTC was "vested . . . with exclusive

24  jurisdiction to implement that framework").  Such a resolution by this Court, therefore, will not disrupt

25  the federal-state balance but will instead reinforce the harmonious application of federal and state

26  laws, consistent with the Supremacy Clause.  U.S. Const. art. VI.

27

28

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**B.    Plaintiff's Claims are Subject to Complete Preemption**

23.    Complete preemption gives rise to federal jurisdiction where federal law has displaced—*i.e.*, completely preempted—state law and "provide[s] the exclusive remedy" for a claim, *Rudel v. Haw. Mgmt. All. Ass'n.*, 937 F.3d 1262, 1270 (9th Cir. 2019), such that the claim "is considered, from its inception, a federal claim, and therefore arises under federal law." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)).

24.    That is the case here. The CEA provides the CFTC with "exclusive jurisdiction" over trading on DCMs, 7 U.S.C. § 2(a), including Kalshi's exchange on which its event contracts are traded. The CEA then provides a "savings clause" in which it preserves the jurisdiction of the states except with respect to the subject matter of the grant of exclusive jurisdiction.  7 U.S.C. § 2(a)(l)(A) (preserving state jurisdiction "[e]xcept as hereinabove provided").  And the CEA supplies a federal cause of action that "replac[es] the state cause of action." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 n.4 (1987).

25.    Accordingly, Congress has determined that claims such as the ones at issue here are functionally federal claims that fall within this Court's federal question jurisdiction. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1058 (9th Cir. 2018) ("Once completely preempted, a state-law claim ceases to exist" and is "recharacterized" "as the federal claim that Congress made exclusive."); *see also Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2022); *People v. Chevron Corp.*, 872 F.2d 1410, 1415 (9th Cir. 1989) (artful pleading cannot re-characterize claims that are exclusively governed by federal law as state law claims); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1287 (9th Cir. 1989) (federal law which completely supplants a state claim does not need to provide a substitute remedy for the supplanted state law).

**C.    Plaintiff Cannot Defeat Removal Through Artful Pleading**

26.    The exercise of federal question jurisdiction is also proper due to Plaintiff's artful pleading of its claims. *See, e.g., Chevron*, 872 F.2d at 1415; *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998).  The State also seeks declaratory and injunctive relief under NRS 30.030. But NRS 30.130 makes clear that such relief requires naming as

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

054

1    parties any person that "claim[s] any interest which would be affected by the declaration." The State

2    is well-aware that the CFTC had claimed a "substantial interest" in the "scope of its exclusive

3    jurisdiction," including the "CEA's preemption of state laws attempting to regulate trading on CFTC-

4    registered contract markets" like Kalshi. *N. Am. Derivatives Exch., Inc. v. Nevada*, No. 25-7187, Dkt.

5    No. 30.1, at 1 (9th Cir. Feb. 5, 2026). Indeed, it is no coincidence that Plaintiff filed this action ***on the***

6    ***same day*** the CFTC intends to file its amicus brief in the Ninth Circuit defending Kalshi's position.

7    *Id.* at 3-4.

8            27.    Nevertheless, the State failed to name the CFTC as a party in this Action. Had they

9    done so, as required by NRS 30.130, that would have provided yet another basis for removal. *See* 28

10    U.S.C. § 1442(a)(1). Plaintiff "may not defeat removal" through artful pleading. *Franchise Tax Bd.*

11    *v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1983).

12    **III.    DEFENDANTS MEET THE OTHER PROCEDURAL REQUIREMENTS FOR**
           **REMOVAL**
13

14            28.    Nevada filed the Complaint on February 17, 2025 and Kalshi learned of the filing on

15    the same day. Removal is timely because Defendant has not yet been served with the Complaint.

16    28 U.S.C. § 1446(b)(l) and (c)(l); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354

17    (1999).

18            29.    Venue is proper pursuant to 28 U.S.C. §§ 101, 1441(a), and 1446(a) because the United

19    States District Court for the District of Nevada is the federal judicial district court embracing the First

20    Judicial District Court of Carson City, Nevada, where the Complaint was filed.

21            30.    At this time, Kalshi has not been served with any process, pleadings or orders in this

22    Action. Kalshi will supplement this notice to add such materials when it receives them from the State.

23            31.    In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal will

24    be promptly provided to Nevada and filed with the First Judicial District Court of Carson City, Nevada.

25            32.    No previous application has been made for the relief requested in this Notice of

26    Removal.

27

28

Page **8** of **10**

**CONCLUSION**

WHEREFORE, Kalshi respectfully requests that the Action be removed from the First Judicial District Court of Carson City, Nevada to the United States District Court for the District of Massachusetts, and that this Court accept jurisdiction of the case. If any question arises as to the propriety of the removal of this action, Kalshi respectfully requests the opportunity to present oral argument in support of its position that the Action is removable.

DATED this 17th day of February, 2026.

BAILEY ❖ KENNEDY

By: /s/ Paul C. Williams
DENNIS L. KENNEDY
PAUL C. WILLIAMS

MILBANK LLP
NEAL KUMAR KATYAL (*Pro hac vice* forthcoming)
JOSHUA B. STERLING (*Pro hac vice* forthcoming)
WILLIAM E. HAVEMANN (*Pro hac vice* forthcoming)
GRANT R. MAINLAND (*Pro hac vice* forthcoming)
MATTHEW J. LAROCHE (*Pro hac vice* forthcoming)
ANDREW PORTER (*Pro hac vice* forthcoming)
NICOLE D. VALENTE (*Pro hac vice* forthcoming)

*Attorneys for Defendant KalshiEX, LLC*

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

056

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Bailey ❖ Kennedy and that on the 17th day of February, 2026, service of the foregoing was made by mandatory electronic service through the United States District Court's electronic filing system, by email and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

| | |
|---|---|
| Jessica E. Whelan | Email:  jwhelan@ag.nv.gov |
| Sabrena K. Clinton | sclinton@ag.nv.gov |
| John S. Michela | jmichela@ag.nv.gov |
| **STATE OF NEVADA** | |
| **OFFICE OF THE ATTORNEY GENERAL** | *Attorneys for Defendants* |
| 1 State of Nevada Way, Suite 100 | |
| Las Vegas, NV 89119 | |

_____/s/ Karen Rodman_____
Employee of Bailey ❖ Kennedy

057

1

INDEX OF EXHIBITS TO NOTICE OF REMOVAL TO FEDERAL COURT

2

| Ex. No. | Document Description |
|---------|--------------------|
| A | Email exchange between Minh Nguyen-Dang and Andrew Porter Re: Ninth Circuit Stay (Dec. 17, 2025) |

# EXHIBIT A

# Email exchange between Minh Nguyen-Dang and Andrew Porter Re: Ninth Circuit Stay

# (Dec. 17, 2025)

# EXHIBIT A

059

| | |
|---|---|
| **From:** | Nguyen-Dang, Minh Olivier |
| **To:** | Porter, Andrew |
| **Cc:** | Saharsky, Nicole A.; Havemann, Will; Schneider, Rory K.; Jane Susskind; Jessica E. Whelan; Adam Hosmer-Henner; Katyal, Neal; Ilagan, Sami; Sterling, Josh; Mainland, Grant |
| **Subject:** | [EXT] RE: Ninth Circuit Stay |
| **Date:** | Wednesday, December 17, 2025 2:34:29 PM |

Hi Andrew,

Thanks for your email.  On the schedule, we disagree that our proposal reduced only the time for the reply; it also reduced the time for the response because that time covers Christmas Eve and Christmas.  That said, in light of the holidays, we will not insist on an expedited schedule.  That means our response will be due 10 days from your motion, and your reply will be due 7 days after we file our response.

On the language about enforcement, we are fine with the language you propose.  Please use that wording to represent State Defendants' position.

Thanks,
Minh

---

**Minh Nguyen-Dang**
*Partner*
*Pronouns:  he/him*
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006-1101
T +1 202 263 3135 | M +1 202 630 3658

mayerbrown.com

---

**From:** Porter, Andrew <APorter@milbank.com>
**Sent:** Wednesday, December 17, 2025 1:39 PM
**To:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>
**Cc:** Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Havemann, Will <whavemann@milbank.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>; Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Mainland, Grant <GMainland@milbank.com>
**Subject:** RE: Ninth Circuit Stay [MB-AME.FID25905303]

> **CAUTION: External Email -** Only click on contents you know are safe.

Minh,

If Defendants are amenable to the December 29/January 5 deadlines, we would say:

> Defendants oppose Kalshi's request for a stay, but have agreed not to initiate enforcement proceedings against Kalshi while this Court considers this stay motion, obviating the need for an emergency administrative stay.

1

**060**

Best,

Andrew

Andrew Porter | Milbank | Partner
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5361
APorter@milbank.com | milbank.com

---

**From:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>
**Sent:** Wednesday, December 17, 2025 1:26 PM
**To:** Porter, Andrew <APorter@milbank.com>
**Cc:** Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Havemann, Will
<whavemann@milbank.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>; Jane Susskind
<jsusskind@mcdonaldcarano.com>; Jessica E. Whelan <JWhelan@ag.nv.gov>; Adam Hosmer-
Henner <ahosmerhenner@mcdonaldcarano.com>; Katyal, Neal <nkatyal@milbank.com>; Ilagan,
Sami <silagan@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Mainland, Grant
<GMainland@milbank.com>
**Subject:** [EXT] Re: Ninth Circuit Stay [MB-AME.FID25905303]

Hi Andrew,

Thanks for your email.  Nicole is at an event so I am responding on behalf of State
Defendants.  Could you please get back to us on the second question below - if we are able
to reach an agreement, what, if anything, you intend to say about enforcement pending
resolution of the stay motion?

We will get back to you on the schedule shortly.

Thanks,
Minh

---

Minh Nguyen-Dang
*Partner*
*Pronouns:  he/him*
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006-1101
T +1 202 263 3135 | M +1 202 630 3658

On Dec 17, 2025, at 1:01 PM, Porter, Andrew <APorter@milbank.com> wrote:

2

> **CAUTION: External Email -** Only click on contents you know are safe.

Nicole,

We cannot agree to your proposal, which gives Defendants the full amount of time they would have otherwise been entitled to (and, by virtue of the weekend, two days more than the standard 10-day period), while forcing Kalshi to reply in four days, one of which is a Federal Holiday.  As a professional courtesy, we would ask that Defendants agree to a reply deadline of Monday, January 5, which seems unlikely to us to have any effect on when the motion gets decided.  If Defendants are unwilling to agree to the standard briefing schedule, we will proceed with filing our motion, including with respect to the need for an administrative stay.

Andrew

Andrew Porter | Milbank | Partner
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5361
APorter@milbank.com | milbank.com

---

**From:** Saharsky, Nicole A. <NSaharsky@mayerbrown.com>
**Sent:** Wednesday, December 17, 2025 12:29 PM
**To:** Porter, Andrew <APorter@milbank.com>; Havemann, Will <whavemann@milbank.com>; Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Mainland, Grant <GMainland@milbank.com>
**Subject:** [EXT] RE: Ninth Circuit Stay [MB-AME.FID25905303]

Andrew,

Thank you for your message.  In terms of a proposal for a briefing schedule, how about:

| | |
|---|---|
| 12/17/2025 | Motion Filed |
| 12/29/2025 | Defendant's Response Due |
| 1/2/2026 | Reply Due. |

Also, if we are able to reach agreement, we would like to talk about what, if anything, Kalshi plans to say about State Defendants' position on enforcement in your motion.  We just don't want there to be any miscommunications on that point.

Thanks very much,
Nicole

---

3

062

**Nicole A. Saharsky**
*Partner*
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
T +1 202 263 3052 | M +1 202 372 5463
nsaharsky@mayerbrown.com

---

**From:** Porter, Andrew <APorter@milbank.com>
**Sent:** Wednesday, December 17, 2025 6:26 PM
**To:** Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Havemann, Will <whavemann@milbank.com>; Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>; Sterling, Josh <jsterling@milbank.com>; Mainland, Grant <GMainland@milbank.com>
**Subject:** RE: Ninth Circuit Stay

**CAUTION: External Email - Only click on contents you know are safe.**

Nicole,

Thank you for your call, where you told me Defendants would condition their agreement not to enforce while the motion to stay is pending on agreement on an abbreviated briefing schedule. We've reviewed our calendars and are having difficulty crafting a workable proposal to shorten the briefing schedule that aligns with our availability given the holiday. If you have a proposal we are happy to consider it, but otherwise we would propose sticking with the standard 10-day opposition, 7-day reply deadlines. Let us know if you have a different proposal in mind.

We appreciate State Defendants' confirmation with respect to the sealing motion. NRA, can you please advise as to your position?

Andrew

Andrew Porter | Milbank | Partner
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5361
APorter@milbank.com | milbank.com

---

**From:** Saharsky, Nicole A. <NSaharsky@mayerbrown.com>
**Sent:** Wednesday, December 17, 2025 12:24 PM
**To:** Porter, Andrew <APorter@milbank.com>; Havemann, Will <whavemann@milbank.com>; Nguyen-Dang, Minh Olivier <MNguyen-

4

Dang@mayerbrown.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>; Jane
Susskind <jsusskind@mcdonaldcarano.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>;
Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>;
Sterling, Josh <jsterling@milbank.com>; Mainland, Grant <GMainland@milbank.com>
**Subject:** [EXT] RE: Ninth Circuit Stay

State Defendants do not object to this sealing – thank you.

_____

**Nicole A. Saharsky**
*Partner*
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
T +1 202 263 3052 | M +1 202 372 5463
nsaharsky@mayerbrown.com

**From:** Porter, Andrew <APorter@milbank.com>
**Sent:** Wednesday, December 17, 2025 4:31 PM
**To:** Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Havemann, Will
<whavemann@milbank.com>; Nguyen-Dang, Minh Olivier <MNguyen-
Dang@mayerbrown.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>; Jane
Susskind <jsusskind@mcdonaldcarano.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>;
Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>;
Sterling, Josh <jsterling@milbank.com>; Mainland, Grant <GMainland@milbank.com>
**Subject:** RE: Ninth Circuit Stay [MB-AME.FID25904740]

**CAUTION: External Email -** Only click on contents you know are safe.

Counsel,

In addition to the motion for a stay, Kalshi also intends to file a motion to seal with
respect to the two exhibits that were submitted under seal in the district court
(Kalshi's March 3, 2025 38.5(b) response).  Please let us know if Defendants object
to the sealing of those documents.

Andrew

Andrew Porter | Milbank | Partner
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5361
APorter@milbank.com | milbank.com

_____

**From:** Saharsky, Nicole A. <NSaharsky@mayerbrown.com>

5

**Sent:** Wednesday, December 17, 2025 6:16 AM
**To:** Havemann, Will <whavemann@milbank.com>; Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>; Porter, Andrew <APorter@milbank.com>; Sterling, Josh <jsterling@milbank.com>
**Subject:** [EXT] RE: Ninth Circuit Stay [MB-AME.FID25904740]

Hello Will and Kalshi team,

Thank you for reaching out. We will be discussing this with our clients this morning (pacific time). We will get back to you as soon as we talk with them.

Best,
Nicole

---

**Nicole A. Saharsky**
*Partner*
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
T +1 202 263 3052 | M +1 202 372 5463
nsaharsky@mayerbrown.com

---

**From:** Havemann, Will <whavemann@milbank.com>
**Sent:** Tuesday, December 16, 2025 10:47 PM
**To:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>; Jane Susskind <jsusskind@mcdonaldcarano.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>; Adam Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>
**Cc:** Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>; Porter, Andrew <APorter@milbank.com>; Sterling, Josh <jsterling@milbank.com>
**Subject:** Ninth Circuit Stay

> **CAUTION: External Email -** Only click on contents you know are safe.

Counsel,

Following Judge Gordon's order denying a stay, Kalshi plans to move for a stay pending appeal from the Ninth Circuit. I assume defendants continue to oppose a stay pending appeal, but please let me know if your position has changed.

If the state defendants can agree to forbear enforcement against Kalshi pending the Ninth Circuit's resolution of the stay motion, as you agreed in the district court, that

6



would obviate the need for us to seek an administrative stay. Please let me know if
you can agree to forbear enforcement against Kalshi pending the resolution of the
stay motion in the Ninth Circuit. Otherwise, we will ask the Ninth Circuit for an
administrative stay in addition to a full stay pending appeal.

Thanks,
Will

Will Havemann | Milbank | Partner
1101 New York Avenue, NW | Washington D.C. 20005-4269
T: +1 202.835.7518
whavemann@milbank.com | milbank.com

---

**From:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>
**Sent:** Wednesday, December 10, 2025 11:51 AM
**To:** Havemann, Will <whavemann@milbank.com>; Saharsky, Nicole A.
<NSaharsky@mayerbrown.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>;
Jessica E. Whelan <jwhelan@ag.nv.gov>
**Cc:** Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>; Adam
Hosmer-Henner <ahosmerhenner@mcdonaldcarano.com>; Jane Susskind
<jsusskind@mcdonaldcarano.com>
**Subject:** [EXT] RE: Ninth Circuit Record

Hi Will,

To follow up on this – in addition to the transcripts you mentioned, State Defendants designate
the transcript for the August 22, 2025, hearing on the motion to stay discovery (ECF No. 115). I've
also included on this email counsel for the NRA, for them to confirm whether they have any
additional designations. Once they've confirmed, could you please file an amended designation
that reflects all parties' designations? We'd be happy to discuss further, if that would be helpful.

Best regards,
Minh

---

**Minh Nguyen-Dang**
*Partner*
*Pronouns: he/him*
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006-1101
T +1 202 263 3135 | M +1 202 630 3658

mayerbrown.com

---

**From:** Havemann, Will <whavemann@milbank.com>
**Sent:** Tuesday, December 9, 2025 9:13 PM
**To:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>; Saharsky, Nicole
A. <NSaharsky@mayerbrown.com>; Schneider, Rory K.

7

<RSchneider@mayerbrown.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>
**Cc:** Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>
**Subject:** RE: Ninth Circuit Record

<span style="background-color: yellow">**CAUTION: External Email - Only click on contents you know are safe.**</span>

Understood, thanks Minh.

Will Havemann | **Milbank** | Partner
1101 New York Avenue, NW | Washington D.C. 20005-4269
T: +1 202.835.7518
whavemann@milbank.com | milbank.com

---

**From:** Nguyen-Dang, Minh Olivier <MNguyen-Dang@mayerbrown.com>
**Sent:** Tuesday, December 9, 2025 7:26 PM
**To:** Havemann, Will <whavemann@milbank.com>; Saharsky, Nicole A.
<NSaharsky@mayerbrown.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>;
Jessica E. Whelan <jwhelan@ag.nv.gov>
**Cc:** Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>
**Subject:** [EXT] RE: Ninth Circuit Record

Hi Will,

Thanks for your email.  Just a head's up that we will have additional transcript designations for
the record on appeal that we will send through tomorrow – it wasn't clear from your email that
you were going to file the designations today.  But it shouldn't pose a problem since all the
transcripts have been prepared.

Thanks,
Minh

_____

**Minh Nguyen-Dang**
*Partner*
*Pronouns:  he/him*
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006-1101
T +1 202 263 3135 | M +1 202 630 3658

mayerbrown.com

---

**From:** Havemann, Will <whavemann@milbank.com>
**Sent:** Tuesday, December 9, 2025 10:38 AM
**To:** Saharsky, Nicole A. <NSaharsky@mayerbrown.com>; Nguyen-Dang, Minh Olivier
<MNguyen-Dang@mayerbrown.com>; Schneider, Rory K.
<RSchneider@mayerbrown.com>; Jessica E. Whelan <jwhelan@ag.nv.gov>
**Cc:** Katyal, Neal <nkatyal@milbank.com>; Ilagan, Sami <silagan@milbank.com>
**Subject:** Ninth Circuit Record

8

**067**

**CAUTION: External Email -** Only click on contents you know are safe.

All,

We're writing to let you know that we plan to designate as part of the record on appeal the entirety of the transcript of Judge Gordon's April 8 hearing on Kalshi's motion for a preliminary injunction, as well as the entirety of the transcript of Judge Gordon's November 14 hearing on Defendants' motion to dissolve the preliminary injunction.  Please let us know if you'd like to discuss.

Will

Will Havemann | Milbank | Partner
1101 New York Avenue, NW | Washington D.C. 20005-4269
T: +1 202.835.7518
whavemann@milbank.com | milbank.com

=================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. =================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global legal services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer

Brown International LLP (England), Mayer Brown Hong Kong LLP (a Hong Kong limited liability partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our <u>Privacy Notice</u>.

======================================= IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================= This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

======================================= IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================= This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

======================================= IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the

**069**

transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================= This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer. ======================================= IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================= This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer. ======================================= IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ======================================= This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly

11