DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

NEAL KUMAR KATYAL
(Admitted *pro hac vice*)
JOSHUA B. STERLING
(Admitted *pro hac vice*)
WILLIAM E. HAVEMANN
(Admitted *pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, D.C. 20005
Telephone: 202.835.7500
Facsimile: 202.263.7586

GRANT R. MAINLAND
(*Pro hac vice* forthcoming)
MATTHEW LAROCHE
(Admitted *pro hac vice*)
ANDREW PORTER
(*Pro hac vice* forthcoming)
NICOLE D. VALENTE
(*Pro hac vice* forthcoming)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212.530.5000
Facsimile: 212.530.5219

*Attorneys for Defendant KalshiEX, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| STATE OF NEVADA ex rel. NEVADA GAMING CONTROL BOARD,<br><br>Plaintiff,<br><br>vs.<br><br>KALSHIEX LLC,<br><br>Defendant. | Case No. 2.26-cv-00406-MMD-MDC<br><br>**KALSHI'S NOTICE RE: PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**<br>**(DKT. NO. 56)** |

**NOTICE RE: PLAINTIFF'S *EX PARTE*  
MOTION FOR TEMPORARY RESTRAINING ORDER**

Yesterday Plaintiff filed an *ex parte* motion for a temporary restraining order against Kalshi in this action. ECF No. 56 (the "Federal TRO"). Plaintiff made this motion for extraordinary relief in *this* Court, notwithstanding its prior argument that this Court lacks subject matter jurisdiction over this action—and this Court's order finding the same. *See* ECF No. 10 (remand motion); ECF No. 45 (remand decision).

Plaintiff states no legal basis (and Kalshi is aware of none) for its apparent position that—by recalling the remand order and effectively granting Kalshi a limited stay for purposes of seeking a stay pending appeal, ECF No. 50—this Court somehow endowed itself with *new* subject matter jurisdiction to grant Plaintiff the relief that Plaintiff previously argued this Court lacked. *See* ECF No. 10. Plaintiff purports to find support for this proposition by misleadingly citing to *East Bay Sanctuary Covenant v. Barr*, 500 F. Supp. 3d 1030 (N.D. Cal. 2020), stating that the opinion holds that a "district court may issue preliminary relief 'even when subject matter jurisdiction is disputed or unclear.'" ECF No. 56 at 10. What that case actually says, however, is that "[a] federal district court may issue an injunction ***to preserve the status quo*** even when subject matter jurisdiction is disputed or unclear." *Id.* at 1037 (emphasis added) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947)).[1]

As Plaintiff is aware (as it is the basis for both Plaintiff's civil enforcement action against Kalshi and the Federal TRO itself), the status quo here is that Kalshi is currently operating in Nevada and has been for years. Plaintiff apparently recognizes that *Barr* does not support its position in these circumstances because Plaintiff misleadingly omitted the key portion of the *Barr* quote—"to preserve the status quo." And even if Plaintiff was seeking to preserve the status quo (it is not), ***the Court has already determined it has no subject matter jurisdiction and Plaintiff has argued***

---

[1] *United Mine Workers* also was not a case removed to federal court and is nothing like what is happening here. It stands for the unremarkable proposition that a district court may issue preliminary relief to "preserve existing conditions" while it addresses a party's challenge to the court's authority under federal law to grant injunctive relief. 330 U.S. at 293. Here, Plaintiff is not seeking to preserve existing conditions and the Court has already ruled it has no subject matter jurisdiction.

1  *repeatedly that the Court has no subject matter jurisdiction*.  *Barr* simply has no possible
2  application here.

3  Accordingly, Kalshi is unaware of any authority that would support a conclusion that the "legal
4  contentions" in the Federal TRO "are warranted by existing law or [other] nonfrivolous argument."
5  Fed. R. Civ. P. 11(b)(2).  It is well settled that a federal court has "no power to adjudicate the matter"
6  once it determines it lacks federal subject-matter jurisdiction.  *See, e.g.*, *Polo v. Innoventions Int'l,*
7  *LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *Shell Offshore Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d
8  839, 842 & n.19 (D. Alaska 2012) ("A district court may not grant a preliminary injunction if it lacks
9  subject matter jurisdiction over the claim before it." (collecting cases)).

10  Moreover, this Court recalled the remand order to allow expedited briefing on a motion to stay
11  the remand order pending appeal and, as of yesterday evening, that motion is fully briefed and
12  pending before this Court.  ECF No. 58.  It strikes of pure gamesmanship that Plaintiff chose to file
13  its Federal TRO requesting immediate relief on the same day that Kalshi was preparing its reply
14  memorandum in support of its stay motion on a very tight schedule.  Kalshi was forced to spend time
15  and resources analyzing the TRO while also finalizing its reply memorandum.  Plaintiff's TRO also
16  is effectively a sur-reply on some of the issues in the stay briefing, which is a transparent end run
17  around Plaintiff's page limits in the stay briefing.  Given these circumstances, and the Court's prior
18  finding of good cause to enter that temporary stay, ECF No. 50, Kalshi doubts that the Federal TRO
19  is being "presented for any []proper purpose," as opposed to for purposes of causing "unnecessary
20  delay" and "needlessly increas[ing] the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  Kalshi reserves
21  all rights to seek appropriate sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2) if the
22  Federal TRO is not promptly withdrawn.  Fed. R. Civ. P. 11(c)(2).

23  For these reasons, Kalshi respectfully requests that, in light of the expedited nature of the
24  Federal TRO, the Court order Plaintiff to "withdraw[ ] or appropriately correct[ ]," by identifying
25  "existing law or a non-frivolous argument" in support of its contention that this Court has subject
26  matter jurisdiction to enter the requested relief, **within one (1) day of this Notice**.  *See* Fed. R. Civ.
27  P. 11(c)(2) (a motion for sanctions "must not be filed or be presented to the court if the challenged

Page **2** of **4**

1  paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days
2  after service *or within another time the court sets*" (emphasis added)).

3        To the extent the Court determines it does have jurisdiction to consider the Federal TRO,
4  Kalshi respectfully requests that the Court deny Plaintiff's extraordinary request that the motion be
5  heard on an *ex parte* basis and set a briefing schedule giving Kalshi an opportunity to oppose the
6  relief sought, as "[e]x parte proceedings are anathema in our system of justice." *Guenther v. Comm'r*
7  *of Internal Rev.*, 889 F.2d 882, 884 (9th Cir. 1989); *see also Liang v. Nguyen*, 2009 WL 514073, at
8  *2 (C.D. Cal. Feb. 26, 2009) ("Ex parte motions have great potential to debilitate the adversary
9  system.").

10        Dated this 10th day of March, 2026.

**BAILEY✤KENNEDY**

By: */s/ Paul C. Williams*
    DENNIS L. KENNEDY
    Nevada Bar No. 1462
    PAUL C. WILLIAMS
    Nevada Bar No. 12524

    NEAL KUMAR KATYAL
    (*Pro hac vice*)
    JOSHUA B. STERLING
    (*Pro hac vice*)
    WILLIAM E. HAVEMANN
    (*Pro hac vice*)
    GRANT R. MAINLAND
    (*Pro hac vice* forthcoming)
    MATTHEW J. LAROCHE
    (*Pro hac vice*)
    ANDREW L. PORTER
    (*Pro hac vice* forthcoming)
    NICOLE D. VALENTE
    (*Pro hac vice* forthcoming)
    **MILBANK LLP**

    *Attorneys for Defendant*
    *KalshiEX LLC*

BAILEY✤KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

# CERTIFICATE OF SERVICE

I certify that I am an employee of BAILEY❖KENNEDY and that on the 10th day of March, 2026, service of the foregoing was made by mandatory electronic service through the United States District Court's electronic filing system, by email and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

| | |
|---|---|
| JESSICA E. WHELAN<br>SABRENA K. CLINTON<br>JOHN S. MICHELA<br>**STATE OF NEVADA**<br>**OFFICE OF THE ATTORNEY GENERAL**<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119 | Email:  jwhelan@ag.nv.gov<br>            sclinton@ag.nv.gov<br>            jmichela@ag.nv.gov<br><br>*Attorneys for Plaintiff* |

                                        /s/ *Paul C. Williams*
                            Employee of BAILEY❖KENNEDY