UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| STATE OF NEVADA ex rel. NEVADA GAMING CONTROL BOARD, | Case No. 2:26-cv-00406-MMD-MDC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| KALSHIEX, LLC, | |
| Defendant. | |

**I.   SUMMARY**

This is a state enforcement action brought by Plaintiff State of Nevada ex rel. Nevada Gaming Control Board ("the Board") against KalshiEX, LLC ("Kalshi") for alleged violations of Nevada state gaming laws. (ECF No. 8-1). Kalshi removed the case to this Court (ECF No. 1 ("Notice")) and the Board moved to remand (ECF No. 10 ("Motion to Remand")). The Court found that it lacked subject matter jurisdiction and granted the Motion to Remand, remanding this case to the First Judicial Court of Nevada, Carson City. (ECF No. 45 ("Remand Order")[1].) Kalshi then filed an emergency motion to stay the case pending its appeal of the Court's Remand Order (ECF No. 49 ("Motion").)[2] The Court granted Kalshi's request to recall the Remand Order to resume jurisdiction while it considered Kashi's Motion. (ECF No. 50.) Because Kalshi is not entitled to an automatic stay under Federal Rule of Civil Procedure 62(a) and the *Nken* factors do not favor granting a stay, the Court will deny the Motion.[3]

---

[1]Kalshi has appealed the Court's Remand Order. (ECF No. 54.)

[2]The Court adopted the shortened briefing schedule Kalshi proposed in its Motion. (ECF No. 50; ECF No. 49 at 2.) The Board responded (ECF No. 53 ("Response")) and Kalshi replied (ECF No. 58 ("Reply")).

[3]Shortly after Kalshi filed its Motion, the Board filed a Motion for a Temporary Restraining Order asking the Court to temporarily restrain and enjoin Kalshi's operations

## II. DISCUSSION

Kalshi argues that (1) the Court should stay its Remand Order pending appeal under Federal Rule of Civil Procedure 62(a); and (2) the Court should exercise judicial discretion to grant a stay because the *Nken* factors favor a stay. (ECF No. 49 at 7-18.) The Court will address each argument in turn.

### A. Rule 62(a)

Kalshi insists that Rule 62(a)'s automatic stay provision applies to the Remand Order because "[a]n 'order' counts as a 'judgment' for Rule 62 purposes if 'an appeal lies' from it" and "an appeal lies from an order remanding a case removed under section 1442." (ECF No. 49 at 7.) Kalshi cites to various district court decisions staying remand orders under Rule 62(a) after defendant removed on federal officer removal grounds. (*Id.*) The Board counters that it is "not clear" that Rule 62 applies to remand orders, and even if it does, analysis under the *Nken* factors is proper. (ECF No. 53 at 8.)

Rule 62(a) provides, in pertinent part, "execution on a judgment . . . [is] stayed for 30 days after its entry, unless the Court rules otherwise." Fed. R. Civ. P. 62(a). But the Court has not entered judgment on the merits of this case. In issuing the Remand Order, the Court narrowly considered the parties' arguments as to the Court's subject matter jurisdiction. Finding it was without jurisdiction, the Court issued an order remanding the case to state court. (ECF No. 45.) The Court finds unpersuasive Kalshi's argument that the Remand Order is a judgment, noting that Kalshi has failed to cite to a single binding authority as support. Accordingly, Rule 62(a) does not apply here to provide for a 30-day automatic stay.

### B. *Nken* Factors

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise

---

if the Court does not remand the case to state court. (ECF No. 56 ("Motion for TRO").) Because the Court will deny Kalshi's Motion, the Court will also deny the Motion for TRO as moot.

result to the appellant. *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks and citations omitted). In deciding whether to grant a stay, the Court must consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434. The first two factors are the most critical, and once a stay applicant satisfied these factors, the Court assesses the final two factors, which "merge when the Government is the opposing party." *Id.* at 434-35. Stays pending appeal are discretionary and are an "extraordinary remedy." *See California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768-69 (9th Cir. 2025) (citation modified) *cert. denied sub nom. Express Scripts, Inc. v. California*, 2026 WL 79931 (U.S. Jan. 12, 2026).

As an initial matter, the parties disagree as to whether Kalshi has any right to appeal. The Board argues that Kalshi has no chance of success on the merits because an order remanding a case to state court is only reviewable on appeal where the case was removed under the federal officer removal statute. (ECF No. 53 at 10-11.) Kalshi counters that it properly invoked the federal removal statute in its removal notice, and "to resolve the claimed ambiguity," Kalshi filed an Amended Notice of Removal (ECF No. 57 ("Amended Notice")) to expressly include removal under the 28 U.S.C. § 1442. (ECF No. 57 at 4-5.) The Court agrees with the Board that Kalshi did not seek removal under Section 1442 in its Notice. (ECF No. 45 at 9 (noting that Kalshi argues that removal under Section 1442 would have been proper had the Board named the CFTC as a party)). The Court also rejects Kalshi's Reply argument, which is based on its Amended Notice, for two reasons. First, the Court resumed jurisdiction over this case to consider the narrow issue of Kalshi's Motion, not to allow Kalshi time to clarify and perfect "ambiguity" in the record. For this reason, the Court will *sua sponte* strike the improperly filed Amended

Notice of Removal.[4] Secondly, Kalshi filed its Amended Notice the same day as its Reply and makes new arguments based upon it that the Board is unable to rebut.[5] Accordingly, the Court agrees with the Board that Kalshi has no right to appeal the Remand Order because it did not seek removal under 28 U.S.C. § 1442.

But even assuming Kalshi properly removed under section 1442, Kalshi nevertheless cannot satisfy the first *Nken* factor. Kalshi contends the Ninth Circuit is likely to interpret the Nevada statutes under which the Board seeks relief as necessarily raising federal issues, the Commodities Exchange Act completely preempts state law claims concerning trading on designated contract markets, and the Court's interpretation of NRS § 30.130 is contrary to the plain language of the statute. (ECF No. 49 at 8-12.) Kalshi contends that these are serious legal issues that support a stay, raising largely the same arguments the Court rejected in its Remand Order. The Court's Remand Order addressed at length the reasons why removal was improper, and why Kalshi's arguments were unpersuasive. (ECF No. 45.) The Court incorporates by reference the pertinent portions of the Remand Order here and rejects Kalshi's arguments that it is likely to prevail on the merits on its appeal for the reasons discussed therein. This *Nken* factor does not favor granting a stay.

As to the second *Nken* factor, Kalshi argues that it will suffer irreparable harm absent a stay because it will be forced to litigate simultaneously its federal appeal and the remanded state court action, as well as the declaratory judgment action before Chief Judge Gordon and the Ninth Circuit. (ECF No. 49 at 13-14.) This argument is defective for several reasons. First, litigating in state court is not a harm, let alone an irreparable harm. After Chief Judge Gordon dissolved the preliminary injunction, *see Kalshiex, LLC v. Hendrick, et al.*, No. 2:25-cv-00575-APG-BNW, 2025 WL 3286282 (D. Nev. Nov. 24,

---

[4]Correspondingly, the Court denies the Board's motion to strike Amended Notice of Removal (ECF No. 60) as moot.

[5]*See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (internal citations and quotations omitted).

2025), Kalshi moved for a stay pending appeal which Chief Judge Gordon also denied. *KalshiEX*, 2025 WL 3642346, at *1. Kalshi then requested a stay pending appeal from the Ninth Circuit, which the Ninth Circuit did not rule on. Thus, while Kalshi may have to defend a state court action, that is the status quo because currently no decision prevents the state from seeking enforcement of its gambling laws. Secondly, if a defendant were entitled to a stay merely because it would have to litigate in state court and appeal the remand order in the court of appeal at the same time, a defendant challenging remand under the federal officer removal statute would automatically be entitled to a stay pending appeal. The Ninth Circuit recently rejected this argument. *See Express Scripts,* 139 F.4th 763 (finding automatic stay does not apply to appeal district court's order remanding a case removed under the federal officer removal statute and that the discretionary stay factors under *Nken* still govern the court's discretion.)

Next, Kalshi claims that it may be harmed if it is "forced to engage in expensive and burdensome compliance measures in state court."[6] (ECF No. 49 at 14.) But the potential burden of compliance measures would result from this enforcement action whether enforcement is pursued in state or federal court. Said otherwise, had the Court denied the Motion to Remand, the action would proceed in this Court. So the harm does not stem from having to litigate at all, instead, it stems from litigating in state court instead of federal court. "Though state and federal courts may operate in slightly different ways, each provide forums for litigation with roughly similar levels of efficiency, expense, and comprehensive discovery mechanism." *Express Scripts,* 139 F.4th at 770. Even if any difference between the two results in harm, the harm does not rise to the level of irreparable harm that would tip in the balance in favor of a stay.

Having found that the critical two factors in granting a stay have not been satisfied, the Court will turn briefly to the remaining factor. Kalshi contends that the balance of the

---

[6]Kalshi also clarifies in its Reply that the issue is not only the litigation cost, but that it will be "deprived of its statutory right to meaningfully appeal the remand order" if engaging in state court proceedings. (ECF No. 58 at 11.) But again, Kalshi has no statutory right to appeal the Remand Order, and even if it did, the federal removal statute does not provide for an automatic stay.

5

hardships "strongly tips" in its favor, particularly given the public's interest in avoiding potentially duplicative litigation. (ECF No. 49 at 15.) But Kalshi "recognizes that staying this Court's remand decision. . . would have the effect of temporarily halting [the Board]'s enforcement action." (*Id.* at 17.) The Board argues that the stay would harm it, noting that Chief Judge Gordon already concluded that Kalshi's operations in impose "'substantial irreparable harms to the Board, the State of Nevada, the gaming industry in this state, and the public interest.'" (ECF No. 53 at 20) (quoting *KalshiEX*, 2025 WL 3286282, at *13-14 (D. Nev. Nov. 24, 2025).) The Court agrees and finds that the final factor does not favor granting a stay.

In sum, the Court finds that Kalshi has not made a showing as to the relevant *Nken* factors that would warrant such "an intrusion into the ordinary processes of administrative and judicial review." *Nken*, 556 U.S. at 427 (internal quotation marks and citations omitted). The Court thus denies Kalshi's Motion.

### III.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Kalshi's emergency motion for a stay pending appeal of order granting motion to remand (ECF No. 49) is denied.

It is further ordered that the Board's motion for a temporary restraining order (ECF No. 56) is denied as moot.

It is further ordered that the Board's motion to strike (ECF No. 60) is denied as moot.

It is further ordered that this case is remanded to the First Judicial Court of Nevada, Carson City.

The Clerk of Court is directed to notify the state court that this Court no longer has jurisdiction over this action, and to close this case.

DATED THIS 12th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE